UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
LISA BROWN,                           )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   Civil Action No. 09-0477 (RWR)
                                      )
AMERICAN POSTAL WORKERS UNION,        )
                                      )
                                      )
            Defendant.                )
_____)

MEMORANDUM OPINION

In this *pro se* diversity action, plaintiff, a resident of Oxon Hill, Maryland, sues the American Postal Workers Union in the District of Columbia for injuries she and her two minor children allegedly suffered during an encounter with Union President Cargie Vaughn at the Union's office on December 21, 2000. Contending that the complaint is time-barred, defendant moved on April 13, 2009, to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which plaintiff opposed on May 5, 2009.

After the parties had fully briefed the motion to dismiss, plaintiff filed an amended complaint on August 12, 2009, alleging the same facts as in the initial complaint but increasing the amount of monetary damages from $6 million to $70 million because she "has since suffered numerous additional discomforts." Amended Complaint [Dkt. No. 14] at 2. The amended complaint therefore is construed as a supplemental pleading under Fed. R. Civ. P. 15(d) to which no further response from defendant is required. Because the complaint is untimely and plaintiff has advanced no basis for equitable tolling, defendant's motion will be granted.

I.  FACTUAL BACKGROUND

Plaintiff alleges that on December 21, 2000, she "was handling business at the [Union's] office located at 6139 Chillum Place, Northeast, Washington DC." Am. Compl. at 1. "While attempting to exit the building, plaintiff and [her] minor children were assaulted by [Vaughn]." *Id*. Plaintiff claims that Vaughn, who is not named as a defendant, was "acting on behalf of the defendant" and that he "was negligent in performing his duties [] when he willfully and intentionally pushed plaintiffs in an effort to do bodily harm to them." *Id*. "As a direct result of the aforesaid incident, the plaintiff sustained back injuries[,] received immediate psychiatric treatment [and] has suffered permanent injuries[.]" *Id*. The Clerk's Office received plaintiff's complaint and application to proceed *in forma pauperis* on March 4, 2009; the action was formally filed on March 11, 2009.

II.  DISCUSSION

Under the District of Columbia's statute of limitations on personal injury claims, plaintiff had three years from the time of the alleged injury -- until December 21, 2003 -- to bring her negligence claim against the Union. D.C. Code § 12-301(4); *see Lederman v. U.S.*, 131 F. Supp. 2d 46, 61-62 (D.D.C. 2001) (discussing the District's catchall three-year limitations period.) Plaintiff asserts that the limitations period is tolled because she first filed a complaint in December 2003. Plaintiff's Response to Motion to Dismiss by American Postal Workers Union [Dkt. No. 6] ¶¶ 1, 3. However, plaintiff's first complaint was dismissed in January 2004 for lack of subject matter jurisdiction because the parties were not then of diverse citizenship, *Brown v. American Postal Workers Union*, Civ. Action No. 04-72 (Memorandum Opinion of January 9, 2004 at 1) ("As drafted, the complaint appears to state only a negligence claim involving parties

who reside or conduct business in the District of Columbia."), and "under District of Columbia law, the pendency of an action involuntarily dismissed [with or] without prejudice does not operate to toll the running of the statute of limitations." *Dupree v. Jefferson*, 666 F.2d 606, 611 (D.C. Cir. 1981); accord *Curtis v. Aluminum Ass'n*, 607 A.2d 509 (D.C. 1992) (citing *Namerdy v. Generalcar*, 217 A.2d 109, 113 (D.C. 1966); *Bond v. Serano*, 566 A.2d 47 (D.C. 1989)). Moreover, the District's statute tolls the limitations period only if, at the time the action accrues, the "person entitled to maintain an action is" under age 18, mentally incompetent or imprisoned. D.C. Code § 12-302.

"Equitable tolling permits a plaintiff to avoid the bar of the limitations period if despite all due diligence she is unable to obtain vital information bearing on the existence of her claim," *Smith-Haynie v. District of Columbia,* 155 F.3d 575, 579 (D.C. Cir. 1998), but " '[t]he court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances.' " *Id.* at 579-580 (quoting *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988)). Plaintiff has not explained why she waited five years from the previous dismissal to refile her claim and, therefore, has provided no basis for considering equitable tolling.

### III.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the case as time-barred is granted. A separate final Order accompanies this Memorandum Opinion.

DATE: October 19th, 2009

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

3